■ In the Matter of the Estate of MICHAEL F. JACOBS, Deceased. JOHN C. GLENN, as Public Administrator of Queens County, et al., Appellants; HUGH MCCONNELL, as Administrator of the Estate of MARGARET R. JACOBS, Deceased, Respondent.— In a proceeding by the public administrator of Queens County for letters of administration of the estate of the decedent, Michael Francis Jacobs, the public administrator and an objectant, decedent's half sister, appeal from a decree of the Surrogate's Court, Queens County, granting letters to an objectant, one Hugh McConnell, administrator of the estate of Margaret R. Jacobs, decedent's mother. Decree reversed on the law and the facts, with costs to appellant public administrator, payable out of the estate, and proceeding remitted to the Surrogate's Court to revoke the letters heretofore issued to Hugh McConnell and to grant letters to the public administrator of Queens County. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The proof adduced shows that Margaret R. Jacobs killed her son, the decedent, and thereafter died by her own hand. This proof was sufficient to spell out a prima facie case that she committed a wrongful act from which neither she, prior to her death, nor her representatives after her death, may profit. (*Riggs* v. *Palmer*, 115 N. Y. 506.) It was incumbent upon the respondent to come forward with proof showing that the mother was in such a state of mind at the time of the commission of the act as not to appreciate its nature or consequences. (*Matter of Eckardt*, 184 Misc. 748.) The opinion of the Acting Surrogate that a mother in her right senses would not take the life of her only son, in light of the evidence in this case, is speculative. Sanity is presumed as the normal condition of man until the contrary is shown. (*Jones* v. *Jones*, 137 N. Y. 610; *Matter of Langdon*, 173 App. Div. 737.) The presumption is not overcome by proof of the act of suicide (*Roche* v. *Nason*, 185 N. Y. 128), but may be overcome by establishing insanity, the burden of proving which rests on the party urging it. (*Weed* v. *Mutual Benefit Life Ins. Co.*, 70 N. Y. 561.) Under the circumstances, it was error to hold that appellant public administrator was required to submit evidence from which a criminal intent to commit the homicide can be inferred. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.