█ In the Matter of FRANCES MORRIS, Individually and as Executrix of SADIE MORRIS, Deceased, Respondent, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.— Appeal from an order of the Supreme Court, Special Term, Albany County, in a proceeding under article 78 of the Civil Practice Act. By application dated September 7, 1955, decedent applied to appellant New York State Employees' Retirement System, of which she was a member, for retirement from active service. On September 26, 1955, she executed an election to receive the retirement allowance designated "No Option", whereby she would receive monthly payments aggregating $2,005 per year during her lifetime and no payment of any kind would thereafter be paid to her estate or any named beneficiary. Her retirement was approved, effective October 9, 1955, and payments for the period from that date to the date of her death, which occurred on June 10, 1956 were made. The petition alleges that in November, 1954, decedent became mentally ill, suffering from a mental disease which became progressively worse and caused her to commit suicide. It is further alleged that the purported election of September 26, 1955 was void by reason of her mental derangement. The relief sought is a direction that appellants set aside the election on the ground of insanity and make payment under "Option 2", whereby payments would be made to

decedent's beneficiary during the latter's lifetime. The Special Term's initial determination was to dismiss the petition on the ground that petitioner, who sues individually and as executrix of decedent's estate, was not eligible to exercise the right of election conferred upon the " member, or if he is an incompetent, his spouse or the committee of his property " (Retirement and Social Security Law, § 90, subd. a). Thereafter, the Special Term granted reargument upon petitioner's new contention, as expressed by the court, that decedent, " because of insanity, never effectively applied for retirement * * * and, hence, died before the effective date thereof, or, if her retirement be deemed to be valid, that the purported election * * * was ineffective for the same reason." The Special Term said further: " The petition, broadly construed, is sufficient to require a hearing and determination of these questions by the respondent comptroller (§ 74, subd. b, *supra*) " and granted the application " to the extent of directing the comptroller to receive and process petitioner's application and to hear and determine the same." The relief granted was proper. Appellants question the authority of the Comptroller " to set aside " the election purportedly made and to permit petitioner to make an election. The order appealed from contemplates neither action but merely the determination by the Comptroller whether there was an effective application for retirement and, if so, an effective election. That such power resides in the Comptroller cannot be doubted. Such determinations, although usually *pro forma*, of course, must be made by him in every case. If, in this case, he finds either application or election ineffective, the statute directs the method of settlement. Appellants' other contentions are largely predicated on the assumption that decedent was not insane, but, of course that question may not be determined on the pleadings. The construction which the Special Term accorded the pleadings, and which petitioner apparently urged and now accepts, will of course limit her recovery, in the event that insanity voiding one or both of the instruments be established. If there was no effective application for retirement, recovery will be limited to the amount of decedent's contributions of $4,821, less the amounts paid therefrom, plus a death benefit. (Retirement and Social Security Law, § 51, subd. d; § 60). If decedent's retirement was valid, but the election void, the amount of her contributions, less the payments therefrom, will be recoverable, on the basis of " Option One-half ". (Retirement and Social Security Law, § 90, subd. bb, par. 2). Order affirmed, with $10 costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.