OPINION OF THE COURT
Aaron E. Klein, J.
In this CPLR article 78 proceeding petitioner seeks an adjudication that his ordinary disability benefits application (not job-related), although made more than two years after termination of his employment and which was covered by the *83 New York State Employees’ Retirement System, should be approved as timely notwithstanding the provisions of section 62 (subd aa, par 2) of the Retirement and Social Security Law. Two basic grounds are advanced in support of his contentions: (a) That a proper interpretation of that legislation does not set up a time bar to the application; and (b) If it does, then it violates the provisions of both the State and Federal Constitutions in failing to accord equal protection of the law to the petitioner by reason of the legislative attempt to differentiate between ordinary disability retirement under section 62 of the Retirement and Social Security Law and accidental disability retirement and section 63 of that law.
It appears undisputed that the petitioner, while actively employed by the Kendall Highway Department at Kendall, New York, became physically disabled in early 1972 in a household accident unrelated to his job duties or employment; that he returned to work in June, 1972; that he left his employment. about one year later (on May 7, 1973) on sick leave, without pay; that his sick leave terminated August 11, 1974; that his application for ordinary disability was filed on May 15, 1976. There is an intimation that his injury was aggravated "as a result of his employment.”
A due process administrative hearing was then held on May 25, 1977 which disapproved the claim based on the legal ground of untimely application. In those proceedings, it appears that an August 11, 1974 separation from service was the operative date of cessation of employment acceptable to both parties and utilized by the hearing officer.
DECISION
For aught that appears in the papers submitted, both parties would seem to agree that section 62 of the Retirement and Social Security Law governed petitioner’s retirement application.
Agreement is further had that section 62 (subd aa, par 2) of that law requires that the proposed ordinary retiree must "actually be in service upon which the membership is based”.
Reliance is had by petitioner on the case of Silson v New York State Employees’ Retirement System (208 Misc 59, affd 286 App Div 936), decided in 1955, which dealt with the then pertinent sections of the Civil Service Law. (§ 78, subd a; § 79.) Those sections, however, were superceded in 1956 by section *84 62 (subd aa, par 2) (L 1956, ch 927, § 4). At the time of passage of the amendment, the explanatory note in the New York State Legislative Annual states as the purpose thereof: "The purpose of this bill is to make it clear that an application for ordinary disability may be made by or on behalf of a member who is actually in service or on leave of absence.”
Allusion is made in that note that "there has been some question of the interpretation of the meaning of the term 'in service’ ”, which it sought to clarify. (NY Legis Ann, 1953, p 72.)
Recognition of the purpose of the amendment was alluded to in Matter of Clark v Levitt (35 AD2d 404, 406), with the words: "As a direct result of the Silson case * * * subdivision a of section 78 was amended and became section 62.”
In the Clark case, also relied on by petitioner, the application under review related to the former section 78 of the Civil Service Law and the court adopted the Silson interpretation as reasonable under the language of the preamendment statute, remarking, however (p 406): "As a direct result of the Silson case, section 79 was amended by the Legislature and became section 63 of the Retirement and Social Security Law. At the same time, subdivision a of section 78 was amended and became section 62.”
The petitioner attacks the constitutionality of section 62 visá-vis section 63 of the applicable law as being violative of equal protection, pointing out that the original statutes (Civil Service Law, §§ 78, 79) did not set different time limits for the filing of applications for retirement as between job-related and non-job-related situations, whereas the more recent enactments (Retirement and Social Security Law, §§ 62, 63) limit non-job-related applications by adding a two-year limitation for the filing of such applications and imposing no similar time limitation on the job-related (accidental disability) applications.
The cited case relied on by petitioner, Matter of Abrams v Bronstein (33 NY2d 488, 493), was premised upon the test of examination of the classifications dealt with (in this case, job-related versus non-job-related disabilities) and then determining whether there was a " 'fair and substantial relation’ to the object for which it was proposed.”
Conceded by petitioner is that the first part of the test, i.e., ordinary disability as against accidental disability benefits is a rational classification. What he does not concede is that it was *85 fair or substantially reasonable to accord more liberality to the job-related accidental disability applicants. This court cannot agree with this logic.
In Matter of Abrams (supra, p 492), the Court of Appeals went on to say: "An agency of the State denies equal protection when it treats persons similarly situated differently under the law”.
In the view of this court, there is a marked dissimilarity between the two classifications of beneficiaries. The petitioner has not sustained his burden to overcome the presumption of constitutionality.
The petition is dismissed.