■ In the Matter of ROBERT B. BOUCHER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for the payment to him of death benefits payable, pursuant to subdivision c of section 60 of the Retirement and Social Security Law, because of the death of John D. Hartnett, a Retirement System member. John D. Hartnett was a policeman in the Buffalo Police Department and a member of the New York State Policemen's and Firemen's Retirement System (hereinafter Retirement System). He had designated his nephew, the petitioner, as beneficiary of his retirement benefits in 1973. Petitioner filed an application with the Retirement System for payment of the death benefits payable on account of the death of John D. Hartnett. The application was disapproved by the State Comptroller on March 12, 1979 because decedent had designated a new beneficiary of his retirement benefits on January 12, 1979, 10 days before his death. Petitioner requested a hearing contending that decedent was incompetent at the time he had executed the designation. The hearing officer appointed to hear the matter found that petitioner had failed to sustain his burden of proving the incompetency of John D. Hartnett and held he was not entitled to the payment of benefits. The Comptroller adopted the findings of the hearing officer. Petitioner challenges the Comptroller's determination on the ground that the decision is in error as a matter of law in that the hearing officer mistakenly applied the wrong burden of proof in the proceeding. Specifically, it is contended that it was error to conclude that the designation by decedent of his former wife as beneficiary was not a complex idea. A fair reading of the findings and conclusions of the hearing officer indicates that he did, indeed, apply the correct burden of proof in the proceedings. Petitioner, as the party alleging mental incompetency, has the burden of proving the same (*Ortelere v Teachers' Retirement Bd. of City of N. Y.*, 25 NY2d 196). Competency will otherwise be presumed unless the contrary is shown (*Matter of Jacobs*, 2 AD2d 774). The record discloses that decedent died a painful death from cancer. He was given drugs to alleviate his pain during his last days, including the day he executed the instrument challenged here. He was observed by two long-time friends at and near the time the designation was executed. They both testified to the lucidity of his mind and his clearly stated intention to benefit his former wife because of his long-standing affection for her. Additionally, the notary public who took his signature and acknowledgment testified to the clarity of his mental condition. Of the three physicians who were called to testify, two whose opinions were at variance with one another had had no contact with decedent and testified from

medical records only. His treating physician's testimony was equivocal on the question of competency. The resolution of these conflicts in testimony and the weight to be accorded to the testimony of the various witnesses, both expert and lay, lie within the sole province of the trier of facts. The Comptroller has the exclusive authority to determine all applications for any form of retirement or benefits (Retirement and Social Security Law, § 74, subd b) and the extent of judicial review of his determinations is limited. When the decision is supported by rational and substantial evidence it must be upheld (see *Matter of Tomasino v New York State Employees' Retirement System,* 87 AD2d 675). We find substantial evidence to support the Comptroller's determination that petitioner failed to sustain his burden of proof. Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.