■ In the Matter of ELEANOR M. KREBBEKS, Individually and as Executrix of the Estate of EDWARD B. KREBBEKS, JR., Deceased, Appellant, v EDWARD V. REGAN, as New York State Comptroller, Respondent. — Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered February 2, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying payment to petitioner of the guaranteed ordinary death benefit provided for in Retirement and Social Security Law § 60-a.

The facts are undisputed. Petitioner's husband served with the Department of Transportation from May 1973 until his service-connected death in July 1981. He was 53 years old at the time. The following September, petitioner, as decedent's widow, applied for accidental death benefits and that application was approved by respondent on October 27, 1981. The benefits, payable in the form of a pension, are $590.25 per month.* Retirement and Social Security Law § 64 expressly provides that any pension payable on account of death is to be reduced by the amount finally determined to be due under workers' compensation by reason of such death. Since monthly workers' compensation benefits payable to petitioner because of her husband's death exceed the amount of her accidental death pension, respondent, by reason of Retirement and Social Security Law § 64, concluded that she had no present right to accidental death benefits. As a consequence, she is receiving nothing from the State Employees' Retirement System.

In February 1982, petitioner applied for a lump-sum death payment in the amount of $20,000. Respondent advised her that as it had been determined that she was eligible for accidental

---

* Though challenged, petitioner's pension benefits were properly computed as follows: one half of decedent's final salary of $14,166 equals $7,083, which, when divided by 12, equates to a monthly pension of $590.25 (Retirement and Social Security Law § 61 [b], [d]).

death benefits (although such benefits had been completely offset by workers' compensation payments), no lump-sum benefit was payable to her. Following denial of her application for ordinary death benefits by a hearing officer and Special Term's concurrence in that decision, this appeal by petitioner ensued. We affirm.

Retirement and Social Security Law § 60 (a) (3) provides in relevant part that "[a]n ordinary death benefit shall not be payable in any case in which an accidental death benefit is payable". The single exception to this proscription occurs when the named beneficiary dies or remarries. In that event, if the accidental death benefit payments, as computed pursuant to Retirement and Social Security Law § 61, and without reduction for workers' compensation payments, total less than the ordinary death benefit, the difference is then to be paid to the beneficiary, or member's estate, to which the ordinary death benefit would have been paid. It is only when petitioner is no longer eligible for accidental death benefits that it will be possible to calculate the total amount of those benefits. Since she has neither remarried nor expired, that figure is currently indeterminable. There is, therefore, no error or irrationality in respondent's rejection of her ordinary death benefit claim.

This conclusion also comports with the object and purpose of Retirement and Social Security Law § 60 (a). Prior to its amendment in 1963 (L 1963, ch 524), this section declared, without exception, that an ordinary death benefit was unavailable in any case in which an accidental death benefit was payable. From the Governor's bill jacket relating to this amendment, it appears that invariably the sums paid by way of accidental death benefits far exceeded the amount which would have been paid as an ordinary death benefit. That was not true, however, when a widow remarried or died within a short period after the death of the member, leaving no children under 18 years of age surviving. In those particular circumstances, the aggregate paid in accidental death benefits could have been less than that which would have been payable as an ordinary death benefit. The amendment was apparently designed to obviate this inequitable result and to secure to the statutory beneficiaries of accidental death benefits at least an amount equivalent to that of an ordinary death benefit. Acceptance of petitioner's contention that Retirement and Social Security Law § 60 (a) (3) entitled her to the ordinary death benefit to the extent that it exceeded the accidental death benefit requires not only a misreading of the statute, but a misperception of its purpose as well.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.