■ In the Matter of EDNA F. ALLAWAY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to change her deceased husband's option election of retirement benefits.

On June 1, 1983, petitioner's husband (hereinafter decedent) retired after 32 years of service as a State employee, electing retirement "option 1/2". In the retirement option election form, this option was described as follows: "This reduced lifetime allowance pays $2,963 per month. If you die before receiving annuity payments equal to $5,887 the remainder will be paid to your beneficiary. If your beneficiary dies first, we will pay your estate or another beneficiary you name. Since each annuity payment reduces your total contributions, there will be no remainder if you die after 8/08/95.

Annual pension + Annual Annuity = Annual Allowance
$35,085 + $482 = $35,567"

Decedent received pension benefits until his death on April 15, 1984. On January 16, 1985 petitioner sought to revoke decedent's election of option 1/2 and to substitute "option 2", claiming that decedent was mentally incompetent at the time and that the wording of the option was so vague and confusing as to preclude decedent from making an informed choice. A hearing was held on May 17, 1985 and continued on November 13, 1985.

On the issue of mental incompetency, petitioner testified that decedent had a prior history of cardiac pathology and as a consequence was taking "quite a few drugs". Further testimony from petitioner revealed that decedent was diagnosed as having cancer in January 1983 and thereafter became depressed and disinterested. Decedent's physician testified to the drugs that he had prescribed for decedent, although it does not appear that decedent was taking these drugs at the time he elected option 1/2. A psychiatrist examined decedent in March 1984, several weeks before his death, and diagnosed him as severely depressed. By reference to the notes of decedent's previous medical physician, the psychiatrist opined that decedent was clinically depressed at the time of his retirement. Respondent submitted no evidence on this issue.

On the issue of vagueness in regard to the language for option 1/2, petitioner offered the testimony of Dr. Paul Grier, an associate college professor of finance, who found the language of the option to be very vague, primarily due to the lack of definition of "annual pension" and "annuity", and that the language could be interpreted only by a lawyer or pension specialist, and even they would require assistance. Petitioner testified that she and decedent considered all of the options and selected option 1/2 since the annual pension provided thereby would be the highest; they believed that only the annuity would be discontinued upon decedent's death. Petitioner and decedent did not seek advice or assistance from the State Employees' Retirement System (hereinafter retirement system) or an independent source before making the election. Respondent introduced the retirement option election form itself on this issue and offered no other evidence. The Hearing Officer recommended denial of petitioner's application and respondent adopted the recommendation. Petitioner commenced this proceeding which was transferred to this court.

Petitioner contends that she should be permitted to change the retirement option from option 1/2 to option 2 on the grounds of decedent's incompetency (see, Ortelere v Teachers' Retirement Bd., 25 NY2d 196; Matter of Tomasino v New York

*State Employees' Retirement Sys.,* 87 AD2d 675, *affd* 57 NY2d 753) and the alleged confusing language of the retirement option election form. Based on the hearing evidence outlined above, we believe that respondent's determination was rational and, under our limited scope of review, must be upheld. Both decedent and petitioner were educated people and, acting in concert as they did, were capable of understanding the option language. They relied on their own judgment in making their selection and sought no professional aid or assistance. Petitioner is, therefore, bound by the selection made *(see, Matter of Nutt v New York State Employees' Retirement Sys.,* 72 AD2d 898). Respondent is not required to insure that each member of the retirement system receives the best possible entitlement *(supra,* at 900), and petitioner and decedent's failure to seek outside aid or advice should not be held against respondent *(see, Matter of Pentinen v New York State Employees' Retirement Sys.,* 60 AD2d 366, *lv denied* 44 NY2d 647).

We find no validity to petitioner's claim of decedent's incompetency which would, if found, avoid the affirmative acts of decedent. Petitioner's evidence did not demonstrate the incompetency of decedent nor did it establish any psychosis at the time of the making of his option selection, as found by respondent *(see, Ortelere v Teachers' Retirement Bd., supra).* The testimony of the psychiatrist in this regard, based on the notes of decedent's prior physician, was highly speculative and, viewed in a light most favorable to petitioner, attributed serious depression to decedent and not any psychosis.

Finally, we perceive no circumstances here which favor petitioner's request. If decedent were found incompetent and unable to make an election, option 1/2 would be selected by operation of law *(see,* Retirement and Social Security Law § 90 [bb] [2]; *Matter of Morris v New York State Employees' Retirement Sys.,* 6 AD2d 937). Respondent's determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.