■ In the Matter of CARMINE PUTERIO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner sought accidental disability retirement benefits following an injury which occurred while performing his job as a maintenance mechanic. His application was denied on the ground that the incident did not constitute an accident within the meaning of that term as used in Retirement and Social Security Law § 63. At the duly requested hearing held on November 9, 1988 petitioner, represented by counsel, testified that he injured his back while pulling a carriage loaded with debris. On April 13, 1989 the Hearing Officer issued a decision holding that petitioner did not sustain an accident within the meaning of the applicable law. Respondent agreed and denied benefits. This proceeding challenging that determination ensued.

In this proceeding petitioner does not challenge respondent's determination as being unsupported by substantial

evidence.* Rather, he contends that he was denied a fair hearing since his inability to read was evident from his responses to questions posed and that this fundamental deficiency made it incumbent upon the Hearing Officer to ascertain whether petitioner knew and understood the content of not only questions asked but documents which petitioner was required to identify. The Hearing Officer made no such inquiries. Petitioner thus seeks to raise an issue which was not raised at the hearing or in his attorney's letter brief to the Hearing Officer after the hearing. Petitioner's attorney never claimed that the administrative hearing was unfair or that it violated due process. Such objections are precluded on appeal if not raised at the administrative level (see, e.g., Matter of Wallace v Regan, 105 AD2d 586, 587).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.

FOURTH DEPARTMENT, MAY, 1990

(May 11, 1990)

---

* Of course, the absence of any substantial evidence question makes the transfer of this proceeding to this court improper (see, CPLR 7804 [g]). Nonetheless, in the interest of judicial economy we shall retain jurisdiction and resolve the case (see, Matter of McGraw-Hill, Inc. v State Tax Commn., 146 AD2d 371, 374, n 3, affd 75 NY2d 852). We take this opportunity to note the increasing frequency at which CPLR article 78 proceedings are being transferred improperly to this court. While we thus far have indulged this practice by retaining jurisdiction of the improperly transferred proceedings, we caution the Bar and Trial Bench to consider carefully whether transfer is statutorily permissible under CPLR 7804 (g) before seeking or ordering a transfer.