■ In the Matter of VALERIE SMITH, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application to change her deceased husband's option election of retirement benefits.

Petitioner is the widow of George Smith, who had been employed by the Department of Mental Hygiene. Smith was a Tier I vested member in respondent New York State and Local Employees' Retirement System. Smith was suffering from terminal cancer at the time of these events. On June 3, 1988, Smith gave petitioner a general power of attorney. Pursuant thereto, on June 13, 1988, petitioner executed an application for the service retirement of her husband effective

July 13, 1988 and a retirement option form in which she selected option 1, which provides for a lump-sum payment to her of $114,905 should the retiree die before receiving payment equal thereto. Petitioner acknowledged the signing of both documents before the Retirement System's field representative, Lesley Leonard, who was to notarize both documents. It appears that Leonard unwittingly failed to notarize petitioner's signature on the option form. As a result, petitioner was advised, by letter dated June 22, 1988 and received June 28, 1988, that the option election form that she had executed was not notarized and thus not valid, and a new blank form was enclosed. Petitioner believed that the form had to be returned by June 30, 1988 although July 30, 1988 was the correct deadline. Petitioner had her husband, whose condition was now in extremis, sign the form. On this form option 2 was marked, which provides for payment of $644 a month both to the retiree and to his beneficiary after his death. Smith retired on July 13, 1988 and died on August 7, 1988.

When petitioner was informed by the Retirement System that option 2 had been selected and that payments would be made in conformity therewith, petitioner advised the Retirement System that option 1 had been selected. Thereafter, a hearing was scheduled at which no evidence was presented to show who marked option 2 on the election form executed on June 28, 1988. Petitioner testified that her husband did not mark the option form and that she may have erroneously done so. Petitioner testified that it was always her husband's intention to choose option 1, as it was best suited to the family's needs, and that was her wish as well. She said that the designation of option 2 was made in haste under emotional stress, was erroneous and did not reflect her husband's true intention.

Respondent Comptroller denied petitioner's application to change the retirement option from option 2 to option 1, holding that a member of the Retirement System may choose a new option if a valid and timely option election form is filed by the last day of the month during which a member retires pursuant to Retirement and Social Security Law § 90 (b). The form executed by Smith on June 28, 1988 and received July 5, 1988 by the Retirement System was found to be timely and valid, superseding the June 13, 1988 election. Petitioner then commenced this CPLR article 78 proceeding, which was subsequently transferred to this court, to annul the Comptroller's determination.

We find that there is substantial evidence in the record to

support the determination that a binding election was made by Smith. Petitioner had the burden of proof to establish that the election of retirement benefits selected by her husband was not binding or valid *(see,* State Administrative Procedure Act § 306 [1]). Petitioner's self-serving statements that Smith's selection of option 2 was a mistake because it was not the best or was an unwise choice is an insufficient cause to set aside the selection. Further, the record is devoid of evidence of any misrepresentation, fraud or duress being exercised regarding the selection of the option. Absent such circumstances, the selection is not voidable. Likewise, there was no evidence adduced that Smith's mental abilities were impaired in any way when he signed the second option form. Under such circumstances, the Comptroller is powerless to void the selection and must abide by the selection made pursuant to Retirement and Social Security Law § 90 *(see, Ortelere v Teachers' Retirement Bd.,* 25 NY2d 196, 198).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.