■ In the Matter of ELIZABETH WARD, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application to change the retirement option election of her deceased husband.

Petitioner contends that as a result of his alcohol addiction,

decedent, petitioner's husband, was incompetent at the time he selected his retirement benefits option, which gave decedent maximum benefits during his lifetime with no benefits to petitioner upon his death. Contrary to petitioner's contention, there was no evidence in the record that decedent's mental condition was impaired at the time he selected the option. In fact, petitioner's own testimony established that decedent told her that he was specifically selecting the retirement option that would pay him the most money during his lifetime. In addition, there was testimony that, although decedent was a heavy drinker, he had lucid moments, he held down a regular job and he did not come home from work in an intoxicated condition. The testimony of petitioner's expert witness, who never treated decedent, was highly speculative. Under these circumstances, the conclusion by the Comptroller that petitioner failed to meet her burden of proving that decedent was incompetent at the time of the option election was rational and supported by substantial evidence *(see, Matter of Ortelere v Teachers' Retirement Bd.,* 25 NY2d 196; *Matter of Allaway v Regan,* 133 AD2d 962, 964; *Matter of Boucher v Regan,* 88 AD2d 1066, 1067).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.