■ In the Matter of DOUGLAS BLACKSHEAR, Petitioner, v THOMAS COUGHLIN, as Commissioner of the Department of Corrections, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Cayuga Correctional Facility in Cayuga County, petitioner was involved in two separate incidents which occurred on April 11, 1991 and resulted in disciplinary charges against him. A report written by Correction Officer J. Maycumber arose out of an incident which took place at approximately 11:05 A.M. and charged petitioner with being out of place (rule 109.10), refusing to obey a direct order (rule 106.10), physical interference with staff (rule 107.10) and assault on staff (rule 100.11). The second report, written by Correction Officer T. Mulhern, describes an incident which took place at approximately 11:55 A.M. and charged petitioner with refusing to obey a direct order (rule 106.10), disrupting the order of the facility (rule 104.13) and assault on staff (rule 100.11). At a tier III hearing conducted on both misbehavior reports, petitioner pleaded guilty to the charge of being out of place alleged in the Maycumber report and the charge of refusing to obey a direct order alleged in the Mulhern report. In addition, the Hearing Officer dismissed the charges of assault on staff alleged in each of the reports. Following the hearing, and as the result of obvious confusion on the part of the Hearing Officer, petitioner was found guilty of physical interference with staff, refusing to obey a direct order and being out of place with respect to each of the misbehavior reports, and discipline was imposed. Following administrative appeal, the Hearing Officer's findings of guilt of the charges arising out of the Mulhern report were dismissed for "procedural error", with the exception of the charge to which petitioner entered a plea of guilty.

The contentions advanced in this CPLR article 78 proceeding are lacking in merit and do not warrant extended discussion. First, the contention that the Hearing Officer was not impartial because of his involvement in the incidents forming the basis for the charges against petitioner was not raised at the tier III hearing, when appropriate remedial action could have been taken, and has thus been waived (see, Matter of McClean v LeFevre, 142 AD2d 911, 912). Moreover, we agree with respondents that the Hearing Officer's involvement in

the matter was, at most, tangential and did not disqualify him from acting as Hearing Officer (see, Matter of O'Neal v Coughlin, 162 AD2d 826, 827). Second, petitioner's attack on the findings of guilt arising out of the Mulhern report ignores the fact that the challenged findings have been annulled and the charges dismissed.*

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The proceeding was improperly transferred to this court, but we have retained jurisdiction and resolved the issues in the interest of judicial economy (see, Matter of Puterio v Regan, 161 AD2d 1109, 1110, n). Had Supreme Court addressed the legal objections raised in respondents' answer, as required by CPLR 7804 (g), it would have discovered that the claimed substantial evidence question related to the charges in the Mulhern report had been administratively dismissed.