█ In the Matter of MARY L. CUMMINGS, Appellant, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Appeal from a judgment of the Supreme Court (Cobb, J.), entered July 30, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller denying petitioner's request to change her deceased husband's option election of retirement benefits.

There is substantial evidence in the record to support the conclusion by respondent Comptroller that the "option 1/2" election chosen by petitioner's deceased husband was binding (see, *Matter of Smith v New York State & Local Employees' Retirement Sys.,* 167 AD2d 644). There was no offer of proof that decedent was incompetent when he made the election (see, *Matter of Allaway v Regan,* 133 AD2d 962) and petitioner's claim that the selection was a mistake was not sufficient to cause it to be set aside (see, *Matter of Smith v New York State & Local Employees' Retirement Sys., supra).* We also note that respondents are not required to insure that proposed retirees receive the best possible entitlement (see, *Matter of Nutt v New York State Employees' Retirement Sys.,* 72 AD2d 898).

We also reject petitioner's claim that Retirement and Social Security Law § 90 (bb) (2) violates the 5th Amendment of the US Constitution, which forbids the taking of property without just compensation, because the statute provides for forfeiture of vested retirement benefits. Assuming that this issue is properly before us *(see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184; *see also, Matter of Wilson v Levitt,* 97 Misc 2d 82, *affd* 79 AD2d 742), respondents note that under the option 1/2 decedent received the benefits he selected and petitioner received the amount due to her under the selection upon his death. Although she contends that she is entitled to the monthly benefits decedent would have received had he been alive, claiming that they were vested, decedent simply did not choose an option which gave his beneficiary (here petitioner) a lifetime benefit. Under the option selected the beneficiary is only entitled to the balance of any contributions made by the retiree. As respondents note, there is no provision in the Retirement and Social Security Law guaranteeing a specific amount in benefits *(see,* Retirement and Social Security Law § 152 [8]). Respondents' interpretation of the statute has a rational basis and there was no confiscation of property in violation of petitioner's constitutional rights *(see, Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins.,* 72 NY2d 753, *cert denied* 490 US 1080). Petitioner's remaining contentions have been considered and rejected for lack of merit.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.