■ In the Matter of BARBARA C. SWICK, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Re-

spondent. [623 NYS2d 960] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for benefits after her husband's death.

Petitioner's husband, a member of respondent, elected to retire at age 62 with approximately 29 years of State service. He filed a retirement option election form with a check mark in the box for the single life allowance, under which he was to receive the maximum retirement allowance available to him with all payments to cease upon his death. Approximately three months after retiring, petitioner's husband died.

Petitioner filed an application for benefits due on her husband's death, and she was informed by respondent that she was entitled to no benefits other than the unpaid portion of the benefits due prior to her husband's death and a small survivor's benefit. Petitioner requested a hearing concerning the validity of her husband's option selection. After a hearing, the Comptroller determined that there was no basis for permitting petitioner to change her husband's option selection. Petitioner's application was denied and she commenced this proceeding to review the Comptroller's determination.

Petitioner first contends that the retirement option election form should not have been admitted into evidence at the hearing because it was materially altered. Inasmuch as the rules of evidence observed by courts are not applicable to the administrative hearing conducted in this case (see, State Administrative Procedure Act § 306 [1]), petitioner's argument should be considered in the context of the weight to be accorded to the document, not its admissibility. Based upon our review of the retirement option election form, we find no evidence of any material alteration and, therefore, it was not irrational for the Comptroller to rely on the document. The "white out" referred to by petitioner appears in a space provided for the applicant to make corrections in the name printed on the form. It is undisputed that the name printed on the form is correct and, therefore, no correction was necessary and the "white out" is irrelevant. The option selection portion of the form contains no "white out" and only the single allowance box is checked.

Petitioner bore the burden of proof to establish that her husband's selection of the single life allowance was not binding or valid (see, *Matter of Smith v New York State & Local*

*Employees' Retirement Sys.,* 167 AD2d 644, 646). There is, therefore, no merit in petitioner's claim that respondent was required to produce a witness who personally observed petitioner's husband place the mark in the single life allowance box on the option selection form. Petitioner's self-serving claim that her husband's selection was a mistake, which is unsupported by any evidence in the record and contrary to the acknowledgment on the option election form, is insufficient to set aside the selection *(see Matter of Smith v New York State & Local Employees' Retirement Sys., supra,* at 646).

We also reject petitioner's contention that respondent had some type of contractual obligation to pay her benefits not provided for in the option selected by her husband. In the absence of any evidence of fraud, duress, misrepresentation or mental incompetence which affected the selection, respondent was only required to comply with the selection made by petitioner's husband, as evidenced by the option election form *(see, Matter of Cummings v New York State & Local Employees' Retirement Sys.,* 187 AD2d 862, *appeal dismissed* 81 NY2d 834).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.