■ In the Matter of DAISY ROSS, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [637 NYS2d 231] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request to, *inter alia*, change her deceased mother's election of retirement benefits.

Petitioner is the daughter and option beneficiary of Bessie Worrell, who was a member of respondent State and Local Employees' Retirement System (hereinafter the System). Upon retirement, effective May 31, 1983, Worrell elected to receive her retirement benefits under "option½". Worrell received her pension benefits pursuant to that option until her death on December 10, 1992, at which time a final payment of $824.83 was forwarded to petitioner representing the prorated portion of Worrell's pension up to the date of her death plus the unpaid

portion of her initial annuity reserve. Dissatisfied with the amount of death benefits paid, petitioner requested a hearing. Respondent Comptroller determined that petitioner failed to demonstrate that the "option ¹/₂" benefit was not properly paid to her. Petitioner commenced this proceeding seeking a judgment directing respondents to change Worrell's option election to "option 1" with a corresponding change in the calculation of benefits.

We confirm. Significantly, although petitioner alleges in her petition that Worrell's mental capacity was impaired at the time she elected "option ¹/₂" and Worrell never intended to choose that option, petitioner did not make that claim at the hearing or to the Comptroller (*see, Matter of Puterio v Regan*, 161 AD2d 1109), and no proof to that effect was offered or introduced (*see, Matter of Cummings v New York State & Local Empls. Retirement Sys.*, 187 AD2d 862, *appeal dismissed* 81 NY2d 834). In any event, the thrust of petitioner's allegations is that the election was a mistake or was one that was made after insufficient advice was given by the System's employees. This Court has previously found that a claim of mistake by itself is not sufficient to cause an election to be set aside (*see, e.g., Matter of Swick v New York State & Local Empls. Retirement Sys.*, 213 AD2d 934; *Matter of Cummings v New York State & Local Empls. Retirement Sys., supra*). We have also noted that the System is "not required to insure that proposed retirees receive the best possible entitlement" (*Matter of Cummings v New York State & Local Empls. Retirement Sys., supra*, at 862; *see, Matter of Nutt v New York State Empls. Retirement Sys.*, 72 AD2d 898, 900).

With respect to the issue of the proper calculation of benefits, we note that the System presented proof establishing the propriety of said payments and, therefore, petitioner's conclusory allegations of error, unsupported by any credible data, were properly found to be insufficient to establish that the System erred in its computation of benefits under the appropriate statute (*see generally, Matter of Cannavo v Regan*, 122 AD2d 523, *lv denied* 68 NY2d 612; *Matter of Krebbeks v Regan*, 109 AD2d 1008).

Mercure, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.