■ In the Matter of SUZANNE M. HUTT, Individually and as Executor of JOHN R. HUTT, Appellant, v RETIREMENT BOARD OF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents. [749 NYS2d 597] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 24, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

The essential facts herein are undisputed. In May 1999, John R. Hutt (hereinafter decedent), a teacher for 32 years in the school system of the City of Tonawanda, Erie County, submitted a retirement application to respondent New York State Teachers' Retirement System (hereinafter the System) to be effective July 1, 1999. In the application, he elected to take the retirement option that would pay him the most money during his lifetime but would cease upon his death. Thereafter, decedent began receiving retirement benefits, however, in March 2000, he was diagnosed with terminal adenocarcinoma of the stomach. By application verified on June 11, 2000, decedent attempted to change his benefit election by completing a second retirement application indicating that he now wished to take the "largest lump sum" option which would provide petitioner, his wife, with a benefit payment upon his death. He died on June 15, 2000. Subsequently, by letter dated July 27, 2000, the System rejected the revised retirement application as untimely. Petitioner commenced this CPLR article 78 proceeding challenging that determination. In lieu of answering, respondents moved to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion, prompting this appeal.

The retirement application executed by decedent specifically stated that the System "must receive any change in election by the last day of the month in which you retire" (*see* 21 NYCRR 5014.4 [b]; *see generally* Education Law § 513 [1]; Retirement

and Social Security Law § 90 [b]). Therefore, the last day decedent could have changed his retirement benefit designation was July 31, 1999. Thus, in the absence of a showing that decedent was incompetent to render the decision at the time the benefit was elected, the selection was binding (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 202; *Matter of Cummings v New York State & Local Employees' Retirement Sys.*, 187 AD2d 862, *appeal dismissed* 81 NY2d 834; *Matter of Ward v New York State & Local Retirement Sys.*, 180 AD2d 1005, 1006; *Matter of Allaway v Regan*, 133 AD2d 962, 963-964).

Furthermore, respondents do not have a duty to advise retirees to seek medical examinations or affirmatively insure that the best possible benefit is chosen (*see Matter of Cummings v New York State & Local Employees' Retirement Sys.*, *supra* at 862; *Matter of Allaway v Regan*, *supra* at 964; *Matter of Nutt v New York State Employees' Retirement Sys.*, 72 AD2d 898, 900). Notably, despite petitioner's claim of lack of guidance, the application filed with the System by decedent specifically advises "critically ill" applicants of the availability of choosing a large lump payment payable to a beneficiary and the procedure for utilizing that option.

We are also unpersuaded by petitioner's argument that she has a proprietary or equitable interest in the benefits under decedent's retirement plan. It is undisputed that decedent did not choose a retirement benefit option whereby petitioner, or any person, could be named as the beneficiary of an accrued pension benefit (*cf. Kaplan v Kaplan*, 82 NY2d 300, 305-307). In addition, respondents were not obligated to seek out petitioner, as a possible beneficiary, and provide her with advice as to the ramifications of decedent's retirement option choice.

Therefore, even accepting the allegations in the petition as true and according the benefit of every possible inference to petitioner (*see Ford v Snashall*, 285 AD2d 881), we find nothing in the pleadings or arguments that would allow respondents to change the benefit option that decedent selected at the time of his retirement once benefits became due. Accordingly, we agree with Supreme Court that petitioner failed to state a cause of action pursuant to CPLR 3211 (a) (7).

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.