■ In the Matter of the Claim of KEVIN M. GOREY JR. et al., Petitioners, v NEW YORK STATE COMPTROLLER, Respondent. [921 NYS2d 706]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioners' application to void the retirement option of their deceased father.

Kevin M. Gorey Sr. (hereinafter decedent) applied for service retirement benefit payments on August 2, 2004. Decedent elected benefit payments under the "Single Life Allowance" option, meaning he would receive the maximum lifetime retirement allowance payable to him and the payments would stop at his death. Under this option, he was not allowed to designate a beneficiary. On September 1, 2004, the date of decedent's retirement, the New York State and Local Retirement System sent decedent a letter confirming his option selection and detailing his annual benefit payments. The Retirement System also provided him an opportunity to change his selection prior to September 30, 2004. No change was submitted and decedent died on November 19, 2004. Petitioners, decedent's children, applied to void decedent's selection of the "Single Life Allowance" option, contending that decedent was incompetent at the time he made the selection. Following hearings, the Hearing Officer determined that petitioners had not established that decedent

was incompetent when he made his retirement option selection and denied their application. Respondent accepted this determination and petitioners commenced this CPLR article 78 proceeding.

We confirm. Initially, to the extent that petitioners contend that the Retirement System did not take adequate steps to ensure that decedent made a proper retirement option choice, we note that the Retirement System is "not required to insure that proposed retirees receive the best possible entitlement" (*Matter of Cummings v New York State & Local Employees' Retirement Sys.*, 187 AD2d 862, 862 [1992], *appeal dismissed* 81 NY2d 834 [1993]; *see Matter of Ross v New York State & Local Employees' Retirement Sys.*, 224 AD2d 739, 740 [1996], *lv denied* 88 NY2d 809 [1996]). Regarding decedent's application for benefits, respondent "has the exclusive authority to determine all applications for any form of retirement or benefits" (*Matter of Boucher v Regan*, 88 AD2d 1066, 1067 [1982]) and his decision will not be disturbed if it is supported by substantial evidence (*see Matter of Hansen v McCall*, 10 AD3d 832, 833 [2004]). Further, decedent is presumed to have been competent at the time he made the retirement option selection and the burden here is on petitioners to prove the contrary (*see Matter of Ward v New York State & Local Retirement Sys.*, 180 AD2d 1005, 1006 [1992]; *Matter of Boucher v Regan,* 88 AD2d at 1066).

To that end, petitioners presented the testimony and medical reports of Bruce Heckman, decedent's treating physician, and Richard Stripp, a toxicologist. Heckman testified that decedent suffered from chronic alcoholism, depression and liver disease. He further testified that, in June 2004, decedent complained that he was having trouble focusing on daily activities. Notably, however, Heckman examined decedent again in August 2004, around the time that decedent made his option selection, and decedent informed him that his focus had improved. Further, Heckman testified that, in his opinion, decedent was cognitively able to make medical decisions for himself in August 2004. Stripp based his opinion on a review of decedent's medical records and could not state with certainty that decedent was incompetent at the time he made his option selection, only that "it's more likely than less likely that he would have been experiencing cognitive impairment" due to his chronic alcoholism and liver disease.

The Retirement System presented the testimony and medical report of psychiatrist Steven Fayer. Fayer opined, based upon evidence that decedent continued working until August 31, 2004, was living on his own and taking care of his finances

himself, that decedent was not mentally incompetent at the time he made the option selection. Giving deference to respondent's authority to weigh the evidence and resolve conflicting medical testimony (*see Matter of Boucher v Regan*, 88 AD2d at 1067), we conclude that respondent's determination that petitioners had not proven that decedent was incompetent at the time he made his retirement option selection is supported by substantial evidence and it will not be disturbed.

Spain, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.