In the Matter of SCENIC HUDSON, INC., et al., Appellants, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents.

Third Department, November 12, 1992

**APPEARANCES OF COUNSEL**

*Sive, Paget & Riesel, P. C.,* New York City *(Mark A. Chertok* and *David S. Yudelson* of counsel), for appellants.

*Robert Abrams, Attorney-General,* Albany *(Kathleen Liston Morrison, Peter H. Schiff* and *Douglas H. Ward* of counsel), for Thomas C. Jorling and another, respondents.

*Roemer & Featherstonhaugh, P. C.,* Albany *(Michael A. Greco* of counsel), for Alsen Coal Terminal, Ltd., respondent.

**OPINION OF THE COURT**

MIKOLL, J. P.

In 1985, respondent Department of Environmental Conservation (hereinafter DEC), following full State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) review involving the preparation of a draft environmental impact statement (hereinafter DEIS), public hearings and preparation of a final environmental impact statement (hereinafter FEIS), issued permits to respondent Alsen Coal Terminal, Ltd. authorizing construction of a coal trans-shipment facility on the site of a former cement plant in the Town of Catskill, Greene County. Trains were to deliver coal to the facility, where it would be stored until it was transferred to ships in the Hudson River. These permits expired July 1, 1988.

In 1987, Alsen Coal submitted an application to DEC containing plans to modify the project. DEC informed Alsen Coal that the proposed modifications required that the application be treated as a new application involving SEQRA review, rather than one for renewal. Alsen Coal abandoned its 1987 application for modification and sought reissuance of the

original permits in an application containing few changes. In June 1988 Alsen Coal also requested that DEC grant an extension of the 1985 permits beyond their July 1, 1988 expiration dates. DEC determined that the new proposal did not constitute a material change in the 1985 permit conditions and treated the request as one for reissuance of the permits. DEC then requested public comments and held an informational public hearing regarding reissuance. Thereafter, in 1990 DEC reissued the original permits with some modification of the 1985 conditions.

Petitioners commenced this CPLR article 78 proceeding against respondents seeking to annul DEC's determination to reissue the 1985 permits, claiming that the determination was arbitrary and capricious because the renewal application was untimely and contemplated material changes in the original permit conditions, and therefore it should be considered a new application. Respondents answered and after hearing arguments of counsel, Supreme Court held that DEC's treatment of the new application as one for renewal was within its discretion, had a rational basis and was not arbitrary and capricious. Supreme Court further found that the application for renewal was timely. This appeal by petitioners from the judgment dismissing the petition ensued.

In our view, there should be an affirmance. Petitioners' contention that DEC erred in its interpretation of ECL 70-0115 (2) (b) and 6 NYCRR 621.13 is rejected. Petitioners assert that ECL 70-0115 (2) (b) mandates that any permit renewal request that *may* involve a material change must be treated as an application for a new permit even if there is only a potential for material change, and not only where an actual change is shown. Petitioners further argue that DEC, in determining whether material changes were contemplated, incorrectly compared the 1985 permits with the 1990 permit as issued, and not with the 1988 permit renewal request. Petitioners also maintain that DEC wrongly interpreted the statute and regulation to grant it discretion in the way it treats the request when material changes are found to exist and to allow treatment as a renewal after the time to apply for a renewal has expired.

It is for the courts to determine whether the renewal request or the final permit issued is to be examined in deciding whether a material change occurred, as the issue depends on legislative intent rather than the expertise of DEC *(see, Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42, 47-

48). Thus, under the language of ECL 70-0115 (2) (b), which pertains to requests "which may involve a material change", and/or under 6 NYCRR 621.13 (e) (1), which envisions treating a request as one for a new application when "the application involves a material change in existing permit conditions", DEC is required to ascertain whether the renewal of the permit has a potential to result in material change based upon the renewal application. We further conclude that DEC is also given the discretion to not treat an untimely request for renewal as a new application. As ECL 70-0115 does not establish a deadline on applications for renewal, DEC may set its own time limit by regulation. The language of 6 NYCRR 621.13 (e) (4), that DEC may treat an application for renewal as a new application if the application is not timely, is usually found to be discretionary (see, McKinney's Cons Laws of NY, Book 1, Statutes § 177 [a]). What constitutes a "material change" in permit conditions, however, requires evaluation of factual data within DEC's expertise and DEC's interpretation is therefore to be given deference unless unreasonable (see, Matter of Public Interest Research Group v Town of Islip, 71 NY2d 292, 303; Matter of Bernstein v Toia, 43 NY2d 437, 448).

■ Petitioners' argument that DEC did not look at the renewal application to determine potential material changes but only the permits finally issued is not well taken. The record reveals that DEC did in fact consider the permit renewal application in making such determination. We find unpersuasive petitioners' contention that DEC misapplied the relevant statutory and regulatory provisions in determining that no material changes were contemplated in the renewal application, based on their claim that there were material changes to the project design, ambient noise levels, visual impacts, wetland regulations, a decline in public need for the project and technological changes in coal handling. The record indicates that DEC considered these changes and found that they did not materially change the existing conditions of the permit.

Petitioners' claim that DEC failed to demonstrate an adequate basis for its determination that the application be treated as a renewal is rejected. We find that DEC set forth an adequate basis for such determination and adequately addressed the concerns presented by those against the project.

■ Petitioners' contention that DEC erred in failing to hold a legislative or adjudicatory hearing before issuance of the permit is also without merit. The renewal application was not

treated as a new application and, therefore, is governed by 6 NYCRR 621.13, which does not require a hearing unless requested by the applicant in circumstances not here relevant *(see,* 6 NYCRR 621.13 [d]) or DEC finds that the application must be treated as a new application. There is a clear distinction between the extent of SEQRA review of a project initially proposed for a permit and the review it receives upon consideration for renewal of the permit; once a project has met the initial SEQRA requirements, it should be accorded some degree of stability and finality *(see, Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation,* 158 AD2d 24, 29-30, *affd* 77 NY2d 983).

Petitioners' contention, that DEC violated the ECL by classifying the renewal application as a type II action, obviating the need for full SEQRA review and the need to take a "hard look" at the environmental impacts of the project as set forth in the renewal application, is rejected. The project was properly classified as a type II action under 6 NYCRR 617.13 (d) (16) because there was to be no material change in permit conditions or the scope of allowed activities and under 6 NYCRR 617.13 (a) no environmental impact statement or other SEQRA procedure is required. Petitioners' claim that the renewal application was untimely and therefore could not have been properly considered as a renewal application is also rejected. DEC had discretion to consider untimely renewal applications *(see,* 6 NYCRR 621.13). Petitioners' claim that the designation of this project as a type II project was improper because, *inter alia,* DEC changed some licensing conditions is not persuasive. DEC's determination that such modifications were not material is rational and, consequently, must be accepted by this Court.

We have considered petitioners' other claims of error and find them to be without merit.

Yesawich Jr., Levine, Crew III and Harvey, JJ., concur.

Ordered that the judgment is affirmed, without costs.