■ In the Matter of SAMUEL RAMSEY, III, Petitioner, v CARL MCCALL, as New York State Comptroller, Respondent. [631

NYS2d 458] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to change the retirement option of his deceased father.

Petitioner's father, Samuel Ramsey, Jr. (hereinafter decedent), died in September 1989 after designating petitioner as the beneficiary of his State retirement system benefits. Decedent had made an election of benefit payments under "Option Three", as set forth in Retirement and Social Security Law § 90 (a), which resulted in petitioner's receiving a lifetime allowance of $260 per month. Dissatisfied with this arrangement, petitioner applied to respondent for a lump-sum settlement of decedent's entire retirement account, basing his request upon representations of extreme financial hardship. Following an administrative hearing, a Hearing Officer recommended denial of petitioner's application and respondent subsequently adopted that recommendation. Petitioner then commenced this CPLR article 78 proceeding. We confirm.

In general, absent a showing that a decedent was mentally incompetent when he elected the payment option for his retirement benefits or that his election was the result of a mistake, respondent will not change the option chosen by a decedent (see, Ortelere v Teachers' Retirement Bd., 25 NY2d 196; Matter of Cummings v New York State & Local Employees' Retirement Sys., 187 AD2d 862, appeal dismissed 81 NY2d 834; Matter of Ward v New York State & Local Retirement Sys., 180 AD2d 1005). Petitioner has made no such showing, contending only that he would prefer to be paid in a lump sum rather than in the monthly installments selected by decedent. Given petitioner's failure to present a valid ground for the requested change, together with the deference this Court accords to the interpretation given to a statute by the administrative agency charged with its enforcement (see, Matter of Whitehill v New York State Teachers' Retirement Sys., 142 AD2d 902, 903, affd 73 NY2d 944), respondent's denial of petitioner's application is confirmed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.