■ CITY OF NEW YORK, Appellant-Respondent, v VILLAGE OF TANNERSVILLE, Respondent-Appellant, et al., Defendant. (And a Third-Party Action.) [694 NYS2d 801] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Cobb, J.), entered May 14, 1998 in Greene County, which, *inter alia*, denied plaintiff's motion for a preliminary injunction and denied defendant's cross motion to dismiss for failure to state a cause of action.

This appeal arises from defendant Village of Tannersville's unfinished construction of a multi-use bicycle trail on an area of land located within the New York City watershed; the trail crosses and is adjacent to several water courses that ultimately drain or flow into the New York City water supply system. Plaintiff commenced this action seeking to enjoin the trail's construction, alleging a violation of the New York City Watershed Regulations (*see*, 15 RCNY 18-39 *et seq.*). Plaintiff asserted that defendants did not comply with 15 RCNY 18-39 (b) (3) (iv) because they neglected to submit a Stormwater Pollution Prevention Plan (hereinafter SPPP) as required for "[a] land clearing or land grading project, involving two or more acres, located at least in part within the limiting distance of 100 feet of a watercourse or wetland".

Supreme Court (Pulver, J.) granted plaintiff a temporary restraining order. Responding to plaintiff's motion for a preliminary injunction, the Village cross-moved to vacate the temporary restraining order, opposed the request for a preliminary injunction, and sought dismissal of plaintiff's complaint for failure to state a cause of action. Plaintiff's request for a preliminary injunction was denied as was the Village's motion to dismiss. However, Supreme Court lifted the temporary restraining order. These cross appeals followed.

Supreme Court determined that 15 RCNY 18-39 (b) (3) (iv) was intended to protect watercourses and wetlands from the harmful effects of clearing and grading projects and therefore concluded (and we agree) that this regulation is triggered when either a contiguous two-acre parcel of land or some part of each separate and noncontiguous portion of the two-acre project is located within 100 feet of a watercourse or wetland. Plaintiff maintains that this interpretation is incorrect and in furtherance of its position—that SPPP approval must be obtained whenever a two-acre parcel (contiguous or not) is implicated if any portion thereof is within the limiting distance of 100 feet—argues that the interpretation given by the Department of Environmental Protection (hereinafter DEP), the agency responsible for promulgating and enforcing the New York City Watershed Regulations, is to be deferred to. Deference is indeed accorded the reasonable interpretation of regulations rendered by the agency responsible for their promulgation and enforcement (*see*, *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549), but that principle is inapposite, for it is not at all clear from the record that plaintiff's interpretation of the regulation is consonant with DEP's interpretation. Moreover, the issue

before the court was a purely legal interpretation, for which agency expertise was not required.

Apropos of Supreme Court's denial of plaintiff's request for injunctive relief, we note initially that, because it appears that the work for which the injunction is sought is not substantially completed, the Village's mootness argument is unavailing (*see generally, Matter of Diamond Asphalt Corp. v Sander*, 92 NY2d 244, 253). Nor are we favorably disposed to plaintiff's assertion that Supreme Court abused its discretion in denying plaintiff's request for an injunction. Although plaintiff is empowered by statute to seek injunctive relief to prevent violations of its rules and regulations (*see*, Public Health Law § 1102 [3]), and need not demonstrate that irreparable harm will occur, plaintiff must nevertheless show that the prohibited act has in fact been committed (*see, Adirondack Park Agency v Hunt Bros. Contrs.*, 234 AD2d 737, 738; *State of New York v Brookhaven Aggregates*, 121 AD2d 440, 441). Here, Supreme Court's denial was based upon its finding that plaintiff failed to establish a prima facie violation of 15 RCNY 18-39 (b) (3) (iv), namely, it did not show that the area to be graded and cleared encompassed two or more acres. In support of its application, plaintiff relied upon the affidavit of a DEP Project Manager who estimated that the affected area was 2.09 acres. The court was unconvinced by this estimate, observing that it was unsupported by the calculations used to arrive at this result. Moreover, in view of the additional evidence before the court in the form of an affidavit by defendants' project manager, who stated that the area cleared and graded was no more than 1.87 acres, we are loathe to say that Supreme Court abused its discretion in denying plaintiff's request for injunctive relief.

As a final matter, Supreme Court quite rightly denied defendant's motion to dismiss for failure to state a cause of action. Giving the complaint a liberal construction, accepting as true the allegations contained therein and according plaintiff every favorable inference, the facts as alleged constitute a cognizable legal theory (*see, 1455 Washington Ave. Assocs. v Rose & Kiernan*, 260 AD2d 770; *Sand v Chapin*, 238 AD2d 862, 863).

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.