■ In the Matter of PAUL R. PLANTE, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [716 NYS2d 439] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered September 17, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Environmental Conservation, *inter alia*, issuing a renewal permit to respondent USA Waste of New York, Inc.

This application is the latest legal proceeding initiated by petitioner, a resident of respondent Town of Poestenkill, Rensselaer County, involving the operation of a solid waste transfer station in the Town. Respondent Benson Brothers Disposal, Inc. (hereinafter Benson) initiated the chain of events leading to this proceeding in 1994 when it applied to the Town for creation of a planned development district in which it proposed to build the solid waste transfer facility now at issue. Simultaneously, Benson applied to respondent Department of Environmental Conservation (hereinafter DEC) for a permit to operate such facility. Each application was granted, the DEC permit providing for a throughput capacity of 100 cubic yards of solid waste per day.

Petitioner challenged these determinations in separate CPLR article 78 proceedings resulting in the annulment of the DEC permit by Supreme Court (Williams, J.) (hereinafter the first order). Thereafter, Supreme Court (Spain, J.) (hereinafter the second order) annulled the Town's resolution creating the planned development district. Prior to entry of the second order, petitioner, the Town and Benson entered into a comprehensive stipulation of discontinuance of that proceeding which, *inter alia*, ratified the Town's resolution creating the planned development district. The stipulation of discontinuance was "so-ordered" on May 19, 1994. Benson immediately reapplied to DEC for a permit to operate the waste facility which was issued on September 1, 1994, with a maximum allowable throughput capacity of 100 cubic yards of solid waste per day.

Shortly after securing the DEC operating permit, Benson applied to the Town's planning board and DEC for modification of the planned development district site plan and the DEC permit, seeking to increase the maximum permitted throughput capac-

ity of the facility to 200 tons of solid waste per day. The Town's review of the modification application under Environmental Conservation Law article 8, the State Environmental Quality Review Act (hereinafter SEQRA), resulted in a negative declaration of environmental harm and approval of the site plan modification. On September 25, 1995, the DEC issued a modification of the September 1, 1994 operating permit, increasing the facility's maximum throughput capacity as requested. In 1996, petitioner filed a combined action/special proceeding in Supreme Court[1] seeking annulment of the modified permit, claiming that the stipulation of discontinuance was a contract between the parties limiting the facility's maximum throughput capacity to 100 cubic yards of solid waste per day, that the Town had no authority to modify the planned development district and that DEC lacked authority or jurisdiction to modify the permit. Supreme Court (Ceresia, Jr., J.) (hereinafter the third order) dismissed the application, finding it was time barred as to the Town and DEC and that the court lacked personal jurisdiction over Benson. No appeal was taken by petitioner.

On March 4, 1998, Benson applied to DEC for renewal of its operating permit. While this application was pending, ownership of the facility was transferred to respondent USA Waste of New York, Inc.[2] During this same period, DEC received complaints about the facility, resulting in four environmental conservation appearance tickets being issued to USA Waste for alleged violations of various environmental regulations and permit conditions. On December 28, 1998, DEC approved the application for renewal but modified the permit by imposing a new condition requiring USA Waste to conduct a noise monitoring study. USA Waste responded by challenging the modification of their permit by the addition of this new condition. On March 19, 1999, DEC and USA Waste agreed to an order on consent and DEC issued a new renewal/modification permit on March 23, 1999.

Petitioner commenced this CPLR article 78 proceeding seeking an order annulling the December 28, 1998 and March 23, 1999 renewal/modification permits issued by DEC and annulling the March 19, 1999 consent order. Petitioner also sought relief in the form of prohibition and mandamus seeking to compel DEC to enforce "those provisions of the New York State Environmental Conservation Law which provide for protection

1. The voluminous record on appeal does not contain this application.

2. USA Waste of New York, Inc. later merged with respondent Waste Management of New York, L. L. C.

of the public from the solid waste industry" and to permanently enjoin DEC from violating the terms of the stipulation of discontinuance. Supreme Court dismissed the petition finding petitioner's challenge to the increased maximum capacity of the waste transfer facility from 100 cubic yards to 200 tons per day (which had been granted by DEC on September 25, 1995) untimely, that DEC's grant of the March 23, 1999 renewal/modification permit was not arbitrary or capricious and that DEC's determination to agree to the March 19, 1999 consent order resolving the noise study and the environmental violations was rationally based. Petitioner now appeals.

On appeal, petitioner first argues, that there was no rational basis for the issuance of the March 23, 1999 renewal/modification permit claiming the second order, annulling the Town's formation of the planned development district and the issuance of the DEC operating permit, was "dispositive" of the factual basis for the planned development district and issuance of the initial DEC operating permit and those facts did not now support the renewal application. Petitioner also argues that the stipulation of discontinuance was dispositive of the issue of the maximum throughput capacity of the facility, establishing the maximum at 100 cubic yards per day, not 200 tons per day. Finally, petitioner argues that Supreme Court erroneously relied on the findings of the third order, which resulted in dismissal of petitioner's 1996 challenge to the modification application. We find petitioner's arguments to be without merit and affirm the judgment of Supreme Court.

We begin with the principle that a court reviewing an administrative determination by an agency may not substitute its judgment for that of the agency responsible for making the determination (*see, Matter of Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363) but must determine whether the agency's decision has a rational basis and is not arbitrary and capricious (*see, id.*, at 363; *Matter of Regional Action Group for Envt. v Zagata*, 245 AD2d 798, 800, *lv denied* 91 NY2d 811). We also must give deference to, and not substitute our judgment for, factual evaluations within an agency's area of expertise (*see, Matter of City of Rensselaer v Duncan*, 266 AD2d 657, 659).

Initially, petitioner argues that the second order established the lack of a factual basis for approval of the planned development district in the Town and the granting of the initial DEC permit. However, as the stipulation of discontinuance superceded the second order, clearing the way for DEC to approve the underlying application for the original operating permit on

September 1, 1994, and petitioner's 1996 challenge to the DEC's September 25, 1995 permit modification increasing the facility's capacity to 200 tons daily was unsuccessful, we find this argument nothing more than an untimely collateral attack on those actions of the Town and DEC in the context of petitioner's current challenge to DEC's renewal of the USA Waste's operating permit and, as such, must be rejected (*see, e.g., Lake George Park Commn. v Salvador*, 245 AD2d 605, *lv dismissed and denied* 91 NY2d 939; *Matter of Hunt Bros. Contrs. v Glennon*, 218 AD2d 862).

Turning our attention to USA Waste's March 4, 1998 extensive permit renewal application, we find that it complied with the requirements of the applicable regulation (6 NYCRR 360-1.9 [d]) and did not seek to change any of the conditions of the previously issued operating permits. Additionally, the record reveals extensive efforts by DEC in analyzing the renewal application, including requests for additional information and documentation, consideration of public complaints concerning the operation of the facility, particularly the noise level, and monitoring of the facility operation by DEC personnel. This resulted in the additional permit condition requiring a noise study by the facility owner and supports a finding that a rational basis existed for DEC's decision to issue the renewal/modification permit (*see, Matter of Flacke v Onondaga Landfill Sys., supra; Matter of Regional Action Group for Envt. v Zagata, supra; Matter of Scenic Hudson v Jorling*, 183 AD2d 258, 263).

We also note that this is a renewal application correctly categorized by DEC as a "minor project" (*see,* 6 NYCRR 621.1 [m]), exempting it from certain procedural steps including the public hearing sought by petitioner. USA Waste and its predecessor previously satisfied SEQRA and any other environmental concerns of DEC in order to secure the original permit and the subsequent modification of throughput capacity entitling them to a "degree of finality and stability" absent a material change in conditions (*Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation*, 158 AD2d 24, 30, *affd* 77 NY2d 983; *see also, Matter of Scenic Hudson v Jorling, supra*). Accordingly, we find no basis to disturb the renewal/modification permit.

We also find that Supreme Court correctly dismissed as untimely petitioner's challenge in this proceeding to the maximum allowable throughput capacity of this waste facility by his claim that the stipulation of discontinuance established the maximum daily throughput capacity at 100 tons and barred any enlargement of the facility. Petitioner's 1996 judicial chal-

lenge—to the permit modification issued by DEC on September 25, 1995 increasing the facility's maximum throughput capacity to the level contained in the renewal application—on the same grounds now raised in this proceeding and involving the same parties was dismissed. That dismissal is "sufficiently close to the merits for claim preclusion purposes to bar a second action" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 194; *see, Marinelli Assocs. v Helmsley-Noyes Co.*, 265 AD2d 1, 5) notwithstanding that dismissal of the first action was on the basis of timeliness (*Smith v Russell Save Coll., supra*, at 194). If the merits of this claim were to be addressed, we note that petitioner, as signatory of that stipulation of discontinuance, would be charged with knowledge of the language therein providing for further permits and modifications of existing permits.

Petitioner's final argument that Supreme Court erred by relying on the factual determination of the third order which resulted in dismissal of petitioner's challenge to the modification of the original DEC operating permit, which increased the maximum throughput, must likewise fail. Here again the doctrine of res judicata was properly invoked by Supreme Court (*see, Smith v Russell Sage Coll., supra*).

Lastly, we note that since the petition was dismissed in its entirety, Supreme Court implicitly recognized the validity of the Town's claim that it took no action in the renewal/modification permit process and therefore was entitled to dismissal of this proceeding.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.