■ In the Matter of STEPHENTOWN CONCERNED CITIZENS et al., Appellants, v DEAN HERRICK, as Code Enforcement Officer

of the Town of Stephentown, et al., Respondents. [720 NYS2d 597]
—Spain, J. Appeal from a judgment of the Supreme Court
(Canfield, J.), entered September 9, 1999 in Rensselaer County,
which, upon remittal, dismissed petitioners' application, in a
combined proceeding pursuant to CPLR article 78 and action
for declaratory judgment, to, *inter alia,* review a determination
of respondent Department of Environmental Conservation is-
suing a renewal permit to respondent Troy Sand & Gravel
Company, Inc. to operate a gravel mine.

Respondent Troy Sand & Gravel Company, Inc. (hereinafter
TSG) leases property in the Town of Stephentown, Rensselaer
County, where it has operated a gravel mine subject to the
regulation of respondent Department of Environmental Con-
servation (hereinafter DEC) since 1981. In 1990, the Town
rezoned various properties within the Town, placing the gravel
mine in a residential area in which mining was prohibited, but
permitted TSG to continue mining activities as a nonconform-
ing use so long as such activities were not discontinued for
more than one year. DEC issued a permit to TSG in May 1990
after full environmental review. This permit application was
treated as a type I action under the State Environmental Qual-
ity Review Act (ECL art 8 [hereinafter SEQRA]) because, at
that time, TSG had requested a modification in use, expanding
the mine area from 28.7 acres to 37.7 acres. The May 1990
permit expired on May 23, 1993.

On June 17, 1993, after two notices from DEC that TSG was
obliged to file a renewal application if it expected to continue
its operations and that such application was due 30 days prior
to the expiration of the 1990 permit (*see,* 6 NYCRR 621.13 [a]),
TSG submitted an application for a five-year renewal and
modification requesting an expansion of seven acres to the
mine area. Due to the proposed expansion, DEC again classi-
fied the request as a type I action and thus deemed the ap-
plication incomplete, but permitted TSG to continue mining in
conformance with the 1990 permit while the application was
pending. Thereafter, DEC determined that TSG was illegally
discharging pollutants from a discharge pipe into State waters.
On July 11, 1994, DEC and TSG entered in an order on consent
whereby TSG agreed to remove the discharge pipe and to
construct retention ponds, as well as some additional reclama-
tion activities and payment of a penalty.

At that point, several of the petitioners involved in this case
successfully challenged DEC's authority to allow TSG to
continue mining in the absence of a timely and sufficient permit
renewal application (*see, Matter of Stephentown Concerned*

*Citizens v Herrick*, 223 AD2d 862). After Supreme Court ordered TSG to cease its mining operations, TSG withdrew its request for a modification of its permit to expand the mining area and instead requested a straight renewal of its 1990 permit. Thereafter, DEC treated the renewal application as a type II action under SEQRA and, on January 22, 1996, issued a five-year renewal permit.

Petitioners then commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking to overturn DEC's determination to grant the renewal permit and for a declaration that TSG's mining activity was no longer a valid preexisting nonconforming use under Stephentown's zoning laws. Supreme Court held that by allowing its permit to expire without submitting a timely renewal application, TSG lost its grandfathered status. That decision was reversed on appeal (246 AD2d 166) and the matter was remitted to Supreme Court for consideration of petitioners' challenge to the issuance of the 1996 permit. Supreme Court rejected petitioners' arguments and dismissed the petition. Petitioners now appeal, arguing (1) that DEC lacked discretion to treat TSG's most recent renewal application as a type II action because it should have been treated as a new application subject to review—as if no prior permit had ever been issued—in light of its untimeliness, (2) that DEC's determination that the application was a type II action was arbitrary and capricious because the proposed action contemplates significant changes to the use authorized under the 1990 permit, and (3) that DEC was not authorized to grant a five-year permit because, at the time the 1990 permit expired, DEC's regulations authorized only a three-year maximum extension.

Although TSG's application for renewal was unquestionably late, it is within DEC's discretion either to treat a late application as a new application or to treat it as a renewal request of a previously authorized action (*see,* 6 NYCRR 621.13 [e] [4] ["The department *may* determine that any application for renewal or modification shall be treated as a new application for a permit if * * * the renewal application is not timely or sufficient" (emphasis supplied)]; *Matter of Stephentown Concerned Citizens v Herrick, supra,* at 865; *Matter of Scenic Hudson v Jorling,* 183 AD2d 258, 262). Here, although technically the application for renewal was not submitted until two years following the expiration of the 1990 permit, for the majority of that time TSG's application for a modification was pending and it was continuing its operation with DEC's consent. The initial modification request was submitted less than two months past

DEC's deadline. Once Supreme Court ruled that DEC lacked authority to allow TSG to continue its operations under the 1990 permit while the modification request was pending, TSG promptly submitted an application for renewal without the proposed expansion. Under these circumstances, we cannot say that DEC abused its discretion in treating the application as a renewal application.

Absent some material change in circumstances, a renewal application ordinarily is considered a type II action under SEQRA (see, Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation, 158 AD2d 24, 29, affd 77 NY2d 983; see also, 6 NYCRR 621.13 [e] [1]). "What constitutes a 'material change' in permit conditions * * * requires evaluation of factual data within DEC's expertise and DEC's interpretation is therefore to be given deference unless unreasonable" (Matter of Scenic Hudson v Jorling, supra, at 262). Here, petitioners allege that TSG's construction and use of water retention ponds and its recent reclamation activities constitute a material change from the conditions under which TSG was issued its 1990 permit. These actions, however, were all authorized and, indeed, mandated by the 1994 consent order. Thus, these actions were undertaken pursuant to an order in an enforcement proceeding and, as such, are not subject to SEQRA review (see, ECL 8-0105 [5] [i]; 6 NYCRR 617.5 [c] [29]; Matter of New York Pub. Interest Group v Town of Islip, 71 NY2d 292, 305-306). The remaining activities which petitioners allege warrant type I classification—below water table mining and noise created by rock crushing and traffic— were specifically contemplated at the time the 1990 permit was issued and, therefore, DEC is not required to reconsider the environmental impacts of those activities. Accordingly, it was not unreasonable for DEC to conclude that there had been no material change in permit conditions requiring further SEQRA review.

Finally, we reject petitioners' contention that it was arbitrary and capricious for DEC to grant a five-year permit. DEC clearly has the authority to issue a five-year permit (see, 6 NYCRR 421.1 [e] [eff Jan. 18, 1995]). Petitioners argue that because in 1993, when TSG's prior permit expired, the regulation authorized three-year renewals rather than the five-year renewal contemplated by the current regulation, DEC should only have renewed the permit for three years. Petitioners provide no persuasive authority for the proposition that DEC is required to adhere to the regulation in effect when the former permit expired, rather than that in effect when the renewal applica-

tion is granted. Thus, finding nothing unreasonable about DEC's interpretation, we accord that agency the deference to which it is entitled when interpreting the regulations that it is charged with enforcing (*see, City of New York v Village of Tannersville*, 263 AD2d 877, 878; *Matter of Ramsey v McCall*, 219 AD2d 779, 780).

Peters, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.