In the Matter of RICHARD SUSH, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [768 NYS2d 697]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered October 15, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to recalculate his retirement date.

Petitioner's employment with Sullivan County Community

College ceased on June 6, 2001, the date he turned 55 years of age. With an added statutory benefit, he had 33 years and three months of service. Petitioner asserts that he intended to retire effective June 7, 2001, but he did not file an application for retirement benefits with respondent until January 14, 2002. When respondent fixed the effective date of retirement at February 13, 2002, petitioner objected, claiming a forfeiture of retirement benefits. Subsequently, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination and directing respondent to pay retirement benefits from June 7, 2001. Relying on Education Law § 535 and the corresponding regulations promulgated by respondent, Supreme Court dismissed the petition. Petitioner appeals.

Under the regulation then existing, to obtain retirement benefits an eligible member was required to file a retirement application on respondent's form, at least 30 days before it could take effect (*see* 21 NYCRR 5005.1, 5005.3). This regulation was promulgated pursuant to Education Law § 535 (1), which provided, in relevant part, that a member may retire when:

"a. he has credit for thirty-five or more years of total service, or

"b. he has attained age fifty-five or older and has received credit for five or more years of full time New York state service, at least two of which have been rendered since the date upon which he last joined the retirement system and since June thirtieth, nineteen hundred sixty-seven, or

"c. he has attained age fifty-five or older and has credit for two or more years of full time service in the period subsequent to June thirtieth, nineteen hundred sixty-seven and has rendered two years of full time New York state service in the period subsequent to his attainment of age fifty-three and subsequent to the date upon which he last joined the retirement system by filing with the system a statement duly attested, setting forth at what time not less than thirty days nor more than ninety days subsequent to the execution and filing thereof he desires such retirement."

It is undisputed that petitioner retired pursuant to the provisions of subdivision (b) of this statute and petitioner, therefore, argues that the 30/90-day filing requirement found in subdivision (c) is inapplicable.

Interpretations of a statute made by an agency charged with its enforcement are entitled to judicial deference unless such interpretation is "irrational, unreasonable or inconsistent with the governing statute" (*Matter of Whitehill v New York State Teachers' Retirement Sys.*, 142 AD2d 902, 903-904 [1988], *affd*

73 NY2d 944 [1989]; *see Matter of Stephentown Concerned Citizens v Herrick*, 280 AD2d 801, 805 [2001], *lv dismissed, lv denied* 96 NY2d 881 [2001]; *Matter of Ramsey v McCall*, 219 AD2d 779, 780 [1995]). The statute, read in its entirety, supports respondent's interpretation, which is not irrational, unreasonable or contrary to the statutory language and must be upheld (*see Matter of Mack v Board of Educ. for Vernon-Verona-Sherrill Cent. School Dist.*, 270 AD2d 790, 791 [2000]). Indeed, the strained reading urged by petitioner would result in no filing requirement for persons eligible to retire pursuant to subdivisions (a) and (b), a result which is irrational.

Next, we reject petitioner's argument that respondent's interpretation results in a forfeiture of his benefits, violating NY Constitution, article V, § 7, since any loss of benefits is clearly attributable to petitioner's failure to coordinate the filing of his application with his departure from employment. Further, petitioner's present claim of ignorance concerning the filing requirement is unavailing in view of the undisputed information given petitioner by respondent's representative well in advance of petitioner's announced retirement date of June 7, 2001.

Mercure, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.