*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                    521949
_____

In the Matter of JOAN PORCO,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

NEW YORK STATE TEACHERS'
    RETIREMENT SYSTEM,
                    Respondent.
_____


Calendar Date:   April 29, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

                    _____


        Joan Porco, Voorheesville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

                    _____


McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Platkin, J.), entered February 3, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner pension credit for certain months of service.

        In 1974, petitioner commenced employment as a public school teacher and also became a tier 2 member of respondent.  In 2004, petitioner sustained a serious injury and then applied for and was granted disability retirement under Education Law § 511.  At issue here is a three-month period thereafter in which petitioner returned to work while still receiving disability retirement benefits.  In response to petitioner's request for clarification regarding those three months, respondent informed petitioner that

she would not receive service credit for that period, during which she had received $6,809.91 in disability retirement as well as her salary. Eventually, respondent issued a final determination denying petitioner service credit for the disputed three-month period. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court upheld the determination and dismissed the petition, and petitioner now appeals.

We affirm. Because respondent's determination was rendered without a hearing, this Court's review "is limited to whether [the determination] is arbitrary, capricious or without a rational basis" (Matter of Maillard v New York State Teachers' Retirement Sys., 57 AD3d 1299, 1300 [2008], lv denied 12 NY3d 705 [2009]; see Matter of Evans v New York State Teachers' Retirement Sys., 98 AD3d 1221, 1222 [2012]). Furthermore, given that respondent is charged with administering the retirement statutes at issue, its interpretations are entitled to deference and should be upheld unless they are irrational, unreasonable or inconsistent with the governing law (see Matter of Sush v New York State Teachers' Retirement Sys., 2 AD3d 1127, 1128-1129 [2003]; Matter of Miller v New York State Teachers' Retirement Sys., 157 AD2d 890, 891 [1990]).

As a general rule, "retirement on a pension" causes a person's membership in the retirement system to cease (Education Law § 503 [3]). Education Law § 511 (5) permits tier 2 disability retirees to resume active service while still receiving disability retirement benefits. Generally, the disability beneficiary may earn an amount, which, together with the disability pension, equals the amount of the beneficiary's final average salary (see Education Law § 511 [5]). In such a situation, the beneficiary "shall not become a member of [respondent]" (Education Law § 511 [5]). Should the beneficiary be restored to active service at a salary as great as his or her final average salary, "his [or her] retirement allowance shall cease, and he [or she] shall again become a member of [respondent]," in which case the member's "prior service certificate on the basis of which his [or her] service was computed at the time of his [or her] retirement shall be renewed" (Education Law § 511 [6]; see 83A NY Jur 2d Pensions and

Retirement Systems § 252).  Upon subsequent retirement, the member "shall be credited" with both the service credit reflected in the prior service certificate and "all [of] his [or her] service as a member subsequent to the period covered by his [or her] prior service certificate" (Education Law § 511 [6]).

Here, respondent's interpretation of these statutes, which relies on their plain-language meaning, is rational and reasonable (see Matter of Sush v New York State Teachers' Retirement Sys., 2 AD3d at 1129).  Consistent with that interpretation, petitioner's membership ended when she began receiving disability retirement benefits (see Education Law § 503 [3]).[1]  Moreover, the plain language of Education Law § 511 (6) only entitles petitioner to credits for "service as a member" of respondent; although petitioner had returned to work during the disputed three months, because her salary did not exceed the statutory cap, Education Law § 511 (5) explicitly barred her from becoming a member of respondent during that time.  Thus, respondent's determination to deny credits to petitioner during the subject period will not be disturbed (cf. Matter of Regan v DiNapoli, 135 AD3d 1225, 1226-1228 [2016]; Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d 1402, 1404 [2015]).  Petitioner's remaining claims have been considered and are also without merit.

Egan Jr., Rose, Lynch and Aarons, JJ., concur.

---

[1]  Contrary to petitioner's contention, she did not fall into the exception to membership cessation embodied in Education Law § 503 (3) for someone who has not withdrawn contributions and "is eligible to receive a retirement allowance from the system for other than disability."  Petitioner did not satisfy the aforementioned requirements because she was no longer eligible for any other retirement allowance once she opted to receive disability retirement benefits (see generally Education Law § 511 [8] [d]).

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court