Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation (2022 NY Slip Op 01360)





Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation


2022 NY Slip Op 01360


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

532561
[*1]In the Matter of 101CO, LLC, et al., Appellants,
v
New York State Department of Environmental Conservation et al., Respondents.

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Tooher & Barone, LLP, Albany (Meave M. Tooher of counsel), for appellants.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for New York State Department of Environmental Conservation, respondent.
Matthews, Kirst & Cooley, PLLC, East Hampton (Brian E. Matthews of counsel), for Sand Land Corporation and another, respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered November 24, 2020 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action pursuant to ECL 71-1311, to review a determination of respondent Department of Environmental Conservation accepting the remediation plan proffered by respondents Sand Land Corporation and Wainscott Sand and Gravel Corporation in satisfaction of an order on consent entered into between respondents.
The underlying facts are set forth in a previous appeal (169 AD3d 1307 [2019], lv dismissed 34 NY3d 1010 [2019]). Briefly, respondents Sand Land Corporation and Wainscott Sand and Gravel Corporation (hereinafter collectively referred to as Sand Land) operate a sand and gravel mine in Suffolk County. Respondent Department of Environmental Conservation (hereinafter DEC) issued two notices of violation to Sand Land in 2015 and 2016. It was determined that Sand Land's mining activities encroached into the minimum 25-foot buffer area that was between the mine and neighboring properties, that slopes contained impermissible materials and that certain slopes had been over-excavated. The notices were subsequently resolved in a consent order, which required, among other things, that Sand Land submit a remediation plan to DEC. Sand Land did so, and DEC approved the remediation plan. Petitioners commenced this combined CPLR article 78 proceeding and action seeking, as relevant here, to nullify DEC's approval of the remediation plan. Supreme Court dismissed the petition/complaint, prompting this appeal. We affirm.
Our review of DEC's determination to approve the remediation plan is limited to whether it "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Matter of Eastern Niagara Project Power Alliance v New York State Dept. of Envtl. Conservation, 42 AD3d 857, 861 [2007]; Matter of Plante v New York State Dept. of Envtl. Conservation, 277 AD2d 639, 641 [2000]). Petitioners raise a litany of reasons as to why DEC acted arbitrarily and capriciously. None, in our view, has merit.
One grievance that petitioners have with respect to the remediation plan is that it did not reconstruct the buffer area and slopes within the meaning of the consent order. The schedule of compliance that was referenced in the consent order stated that any remediation plan must include "[a] grading and re-vegetation plan to reconstruct the 25-foot buffer from the property line" and "[a] grading and re-vegetation plan to re-construct the slopes on the north and east sides to a slope of 1V:2H." Petitioners posit that, in order to "reconstruct" the buffer area and slopes, Sand Land was required to restore them to their original or former state. The schedule of compliance, however, does not support this position. Although "reconstruct" was not specifically defined by the [*2]consent order, it did set forth how to backfill the buffer area and what soil and vegetation was to be used in the reconstruction process. The schedule of compliance also sets forth certain parameters for the slopes. As such, petitioners' claim that it was incumbent upon Sand Land to restore the buffer area and slopes to their original condition is without merit.
Petitioners also question the methods proposed by Sand Land for the reconstruction of the slope. "[W]here, as here, the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]). In our view, no basis exists in the record to disturb DEC's determination. Petitioners' contention that the remediation plan did not comply with a DEC guidance memorandum is unavailing given that there is no indication that such document reflected the official policy of DEC or was applicable to enforcement proceedings. To that end, because the remediation plan stemmed from an enforcement proceeding, petitioners' argument that a variance permit or review under the State Environmental Quality Review Act was required to effectuate what the remediation plan proposed is also unavailing.
Petitioners assert that the remediation plan did not address particular geographic areas. As mentioned, however, the schedule of compliance required that Sand Land reconstruct the slopes "on the north and east sides." The remediation plan proposed modifying the slopes on the north and east sides, discussed the backfill to be used "along the northern boundary" and specified the vegetation and trees to be planted at both ends of the north slope. Accordingly, the remediation plan complied with the schedule of compliance as to the slopes. Petitioners' remaining arguments, to the extent not specifically discussed herein, are without merit.
Lynch, J.P., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.