Matter of Mercedes (Commissioner of Labor) (2025 NY Slip Op 04604)

Matter of Mercedes (Commissioner of Labor)

2025 NY Slip Op 04604

Decided on August 7, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 7, 2025

CV-24-0105
[*1]In the Matter of the Claim of Yojanna Mercedes, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

New York Legal Assistance Group, New York City (Ciara Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Ceresia, J.
(1) Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2023, which, upon reopening and reconsideration, rescinded its prior decision and ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed, and (2) motion for reargument or, in the alternative, for leave to appeal to the Court of Appeals.
The underlying facts pertaining to this appeal are more fully set forth in our prior decision (235 AD3d 1079 [3d Dept 2025]). Briefly, claimant had two jobs in March 2020 when she lost one of them due to the COVID-19 pandemic. Although she continued to hold the other job, claimant applied for and received unemployment insurance benefits from March 22, 2020 to March 14, 2021 (hereinafter the first benefits period) and from March 21, 2021 to September 5, 2021 (hereinafter the second benefits period). During these periods, claimant also received federal unemployment benefits and lost wage assistance. The Department of Labor later determined that claimant was ineligible to receive unemployment insurance benefits for these periods because she was not totally unemployed and charged her with recoverable overpayments of these benefits and of her federal benefits, imposed a monetary penalty and reduced claimant's right to receive future benefits by 360 days on the basis that she made willful misrepresentations to obtain benefits. Following a hearing, an Administrative Law Judge modified the forfeiture penalty to 352 days, finding that claimant, whose primary language was Spanish, did not understand certain benefits certification forms that were provided to her in English.
The Unemployment Insurance Appeal Board initially affirmed this determination, but later granted claimant's motion for reopening and reconsideration. Upon doing so, the Board concluded that claimant had not made willful misrepresentations during the first benefits period because she had only been presented with online certification questions in English during that period, but that she had made willful misrepresentations during the second benefits period when the questions were presented to her in Spanish. On claimant's appeal, we withheld decision and remitted the matter to the Board for consideration of whether Labor Law § 597 (3), a statute that imposes a one-year limit on review of determinations regarding unemployment insurance benefit claims, precluded the recovery of benefits paid to claimant during the first benefits period, which fell outside the statutory one-year lookback window (235 AD3d at 1081).[FN1] Following remittal, the Board determined that the one-year limitation did not bar review of the entire claim. Both parties have submitted supplemental briefs addressing the Board's decision upon remittal.
"Interpretations of a statute made by an agency charged with its enforcement are entitled to judicial deference unless such interpretation is irrational, unreasonable or inconsistent [*2]with the governing statute" (Matter of Sush v New York State Teachers' Retirement Sys., 2 AD3d 1127, 1128 [3d Dept 2003] [internal quotation marks and citations omitted]; see Matter of Dynamic Logic, Inc. v Tax Appeals Trib. of the State of N.Y., 224 AD3d 1184, 1186 [3d Dept 2024], affd __ NY3d ___, 2025 NY Slip Op 02262 [2025]; Matter of Abramowitz [City Univ. of N.Y.-Hartnett], 156 AD2d 837, 839 [3d Dept 1989], lv denied 75 NY2d 711 [1990]). Pursuant to Labor Law § 597 (3), as relevant here, "[a]ny determination regarding a benefit claim may, in the absence of fraud or willful misrepresentation, be reviewed only within one year from the date it is issued."
The Board found that the Department had jurisdiction to review the whole claim, including the first benefits period, based on willful misrepresentations made by claimant during the second benefits period. The Board's analysis in reaching that conclusion is limited to a comparison of this case with a single previous Board decision. In that prior decision, the Board found that the claimant had made a willful misrepresentation as to why he was no longer working for his most recent employer — that is, the claimant certified to a lack of employment while knowing that he had actually quit his job. As a result of that single willful misrepresentation, the Board held that the Department possessed the requisite jurisdiction to review the entire claim, even the portion outside the one-year window. That case, however, is distinguishable from this one because the misrepresentation at issue therein was one that implicated the entire claim, inasmuch as a claimant who voluntarily separates from employment without good cause is disqualified from receiving unemployment insurance benefits (see Labor Law § 593 [1] [a]; Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1457 [3d Dept 2021]). Here, by contrast, the Board acknowledged that claimant made no willful misrepresentations during the first benefits period, and there has been no showing that her later misrepresentations in any way affected her eligibility during the earlier period (compare Matter of Svarczkopf [Commissioner of Labor], 233 AD3d 1117, 1120 [3d Dept 2024]; Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018]; Matter of Kansu [Commissioner of Labor], 36 AD3d 1185, 1187 [3d Dept 2007]). Therefore, we find that the Board's determination lacks a rational basis and must be reversed.
Turning to claimant's reargument motion, claimant advances the position that this Court was incorrect in finding that the one-year limitation of Labor Law § 597 (3) was inapplicable to her federal unemployment benefits under the CARES Act (15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313). In support of her motion, claimant points to guidance issued by the US Department of Labor (hereinafter DOL) on December 29, 2023 (see US Department of Labor, Employment and Training Administration, Unemployment Insurance Program [*3]Letter No. 05-24, available at https://www.dol.gov/agencies/eta/advisories/uipl-05-24). DOL stated in that guidance that, from that point forward, it would defer to the individual states to apply their own jurisdictional limitations to claims for federal benefits under the CARES Act and would "no longer exercise its authority to require retroactive actions for CARES Act [unemployment compensation] programs where a [s]tate's finality law applies" (id. at 3). However, given DOL's acknowledgment that, prior to the issuance of the new guidance, it was requiring retroactive actions by the states regarding the CARES Act programs irrespective of whether states had their own statutory limits, we find that the one-year limitation of Labor Law § 597 (3) did not prevent the Department from recovering claimant's federal benefits under the CARES Act paid during the first benefits period. Accordingly, claimant's motion is denied.
Aarons, J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as charged claimant with recoverable overpayments of unemployment insurance benefits for the time period of March 22, 2020 to March 14, 2021; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.
ORDERED that the motion is denied, without costs.

Footnotes

Footnote 1: In our decision remitting the matter, we noted that the one-year limitation of Labor Law § 597 (3) was inapplicable to claimant's federal unemployment benefits. Claimant then filed a motion before this Court seeking, among other things, reargument with respect to this issue. We address claimant's motion below.